UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **4KIDS ENTERTAINMENT, INC.,**<br><br>      **Plaintiff,**<br><br>-against-<br><br>**FOX BROADCASTING COMPANY,**<br><br>      **Defendant.** | No. 08 Civ. 4865 (GBD) (AJP)<br>ECF Case<br><br>**REPLY TO COUNTERCLAIMS** |

    4Kids Entertainment, Inc. ("4Kids"), by and through its by its counsel, Kaye Scholer LLP, replies to the counterclaims of defendant Fox Broadcasting Company ("FOX") as follows:

### REPLY TO COUNTERCLAIMS

    1.  Paragraph 1 of the Counterclaims contains no allegation and, accordingly, no response is required.

    2.  Denies the allegations in Paragraph 2 of the Counterclaims, except admits that on or about January 18, 2002, 4Kids and FOX entered into a written contract (the "Contract") and refers the court to the Contract for its full and complete terms.

    3.  Denies the allegations in Paragraph 3 of the Counterclaims and refers the court to the Contract for its full and complete terms.

    4.  Denies the allegations in Paragraph 4 of the Counterclaims, except admits that during the first four Broadcast Seasons of the Contract, 4Kids never claimed that FOX had fallen short of the 90% threshold, and avers that, under the Contract, 4Kids had no obligation to make such a claim during the first four Broadcast Seasons. 4Kids further admits that at no

point during the negotiation and execution of the extension to the Contract did it (i) claim that FOX's clearance rate in the preceding four Broadcast Seasons was below 90%; (ii) seek to refine the Contract's "clearance" calculation or (iii) seek a refund based on FOX's failure to achieve the 90% clearance rate, and avers that, under the Contract, 4Kids had no obligation to take any of the above-described actions during the negotiation and extension of the Contract.

5. Denies the allegations in Paragraph 5 of the Counterclaims, except admits that, in or about October 2007, 4Kids announced a deal with the CW television network under which CW would serve as a programming outlet for 4Kids' programming.

6. Denies the allegations in Paragraph 6 of the Counterclaims, except admits that on or about December 13, 2007, 4Kids wrote a letter to FOX stating, among other things, that FOX had failed to broadcast 4Kids' programming to at least of 90% of U.S. television households during each of the 2002-03 through 2006-07 Broadcast Seasons and refers the Court to that letter for its full and complete contents.

7. Denies the allegations in Paragraph 7 of the Counterclaims, except admits that, on April 1, 2008, 4Kids offset $5 million of the $11.1 million fee reduction owed to it by FOX against the $5 million quarterly payment to FOX as expressly permitted under paragraph 3 of the Contract.

8. Denies the allegations in Paragraph 8 of the Counterclaims, except admits that 4Kids intends to offset the entire $11.1 million fee reduction owed to it by FOX, together with any additional fee reduction to which it may then be entitled, against payments due FOX as expressly permitted under paragraph 3 of the Contract.

9. Denies the allegations in Paragraphs 9 of the Counterclaims.

10. Denies the allegations in Paragraph 10 of the Counterclaims.

11. Admits the allegations in Paragraph 11 of the Counterclaims.

12. Upon information and belief, admits the allegations in Paragraph 12 of the Counterclaims.

13. Denies the allegations in Paragraph 13 of the Counterclaims, except admits that FOX purports to base subject matter jurisdiction for its counterclaims on 28 U.S.C. § 1332(a).

14. Upon information and belief, admits the allegations in Paragraph 14 of the Counterclaims.

15. Denies the allegations in Paragraph 15 of the Counterclaims, except admits that FOX purports to base venue for its counterclaims on 28 U.S.C. § 1391(a).

16. Denies the allegations in Paragraph 16 of the Counterclaims and refers the court to the Contract for its full and complete terms.

17. Denies the allegations in Paragraph 17 of the Counterclaims and refers the court to the Contract for its full and complete terms.

18. Denies the allegations in Paragraph 18 of the Counterclaims and refers the court to the Contract for its full and complete terms.

19. Denies the allegations in Paragraph 19 of the Counterclaims and refers the court to the Contract for its full and complete terms.

20. Denies the allegations in Paragraph 20 of the Counterclaims and refers the court to the Contract for its full and complete terms.

21. Denies the allegations in Paragraph 21 of the Counterclaims and avers that 4Kids was informed that several stations would exhibit 4Kids' programming "out of pattern,"

but that 4Kids did not object to such "out of pattern" broadcasting because 4Kids believed that FOX would maintain a clearance rate in excess of 90%.

22. Denies the allegations in Paragraph 22 of the Counterclaims.

23. Denies the allegations in Paragraph 23 of the Counterclaims, except avers that, at some point during the term of the Contract, FOX notified 4Kids that, because of FOX's sports programming schedule, FOX was broadcasting 4Kids' programming in portions of the Pacific time zone one hour earlier, and further avers that 4Kids never agreed that FOX's broadcasting of its programming "out of pattern" would excuse FOX from its obligations under the Contract.

24. Denies the allegations in Paragraph 24 of the Counterclaims, except admits that on or about March 2, 2006, 4Kids and FOX amended the Contract and refers the Court to the amendment for its full and complete terms.

25. Denies the allegations in Paragraph 25 of the Counterclaims and avers that 4Kids had no obligation to make the claim alleged therein.

26. Denies the allegations in Paragraph 26 of the Counterclaims and refers the Court to the amendment of the Contract for its full and complete terms.

27. Denies the allegations in Paragraph 27 of the Counterclaims, except admits that in or about October 2007, 4Kids announced a deal with the CW television network under which CW would serve as a programming outlet for 4Kids' programming.

28. Denies the allegations in Paragraphs 28 of the Counterclaims

29. Denies the allegations in Paragraph 29 of the Counterclaims and avers that 4Kids had no obligation to make the claim alleged therein.

30. Denies the allegations in Paragraph 30 of the Counterclaims insofar as they attempt to characterize the allegations in 4Kids' complaint and refers the Court to the Complaint for the full and complete allegations made therein.

31. Denies the allegations in Paragraph 31 of the Counterclaim, except admits that, on April 1, 2008, 4Kids offset $5 million of the $11.1 million fee reduction owed to it by FOX against the $5 million quarterly payment to FOX as expressly permitted under paragraph 3 of the Contract.

32. Denies the allegations in Paragraph 32 of the Counterclaims, except admits that 4Kids intends to offset the entire $11.1 million fee reduction owed to it by FOX, together with any additional fee reduction to which it may then be entitled, against payments due FOX as expressly permitted under paragraph 3 of the Contract.

33. Denies the allegations in Paragraph 33 of the Counterclaims.

34. 4Kids repeats and reincorporates its responses to Paragraphs 1-33 of the Counterclaims as if set forth herein in full.

35. Denies the allegations in Paragraph 35 of the Counterclaims, except admits that 4Kids and FOX entered into the Contract and refers the Court to the Contract for its full and complete terms.

36. Paragraph 36 of the Counterclaims states a legal conclusion as to which no response is required.

37. Denies the allegations in Paragraph 37 of the Counterclaims.

38. Denies the allegations in Paragraph 38 of the Counterclaims.

39. Denies the allegations in Paragraph 39 of the Counterclaims.

40. Denies the allegations in Paragraph 40 of the Counterclaims

41. 4Kids repeats and reincorporates its responses to Paragraphs 1-40 of the Counterclaims as if set forth herein in full.

42. Denies the allegations in Paragraph 42 of the Counterclaims.

43. Denies the allegations in Paragraph 43 of the Counterclaims.

44. Denies the allegations in Paragraph 44 of the Counterclaims.

45. Denies the allegations in Paragraph 45 of the Counterclaims.

46. Denies the allegations in Paragraph 46 of the Counterclaims.

47. 4Kids repeats and reincorporates its responses to Paragraphs 1-46 of the Counterclaims as if set forth herein in full.

48. Denies the allegations in Paragraph 48 of the Counterclaims except admits that 4Kids and FOX entered into the Contract and refer the Court to the Contract for its full and complete terms.

49. Denies the allegations in Paragraph 49 of the Counterclaims.

50. Denies the allegations in Paragraph 50 of the Counterclaims.

51. 4Kids repeats and reincorporates its responses to Paragraphs 1-50 of the Counterclaims as if set forth herein in full.

52. Denies the allegations in Paragraph 52 of the Counterclaims, except admits that 4Kids broadcast over FOX's airtime.

53. Denies the allegations in Paragraph 53 of the Counterclaims.

54. Denies the allegations in Paragraph 54 of the Counterclaims.

55. Denies the allegations in Paragraph 55 of the Counterclaims.

56. 4Kids repeats and reincorporates its responses to Paragraphs 1-55 of the Counterclaims as if set forth herein. in full.

57. Denies the allegations in Paragraph 57 of the Counterclaims

58. Denies the allegations in Paragraph 58 of the Counterclaims.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

59. The Counterclaims fail to allege facts sufficient to a state claim upon which relief can be granted against 4Kids and further fail to state facts sufficient to entitle FOX to the relief sought, or to any relief whatsoever from 4Kids.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

60. FOX's claims are barred in whole or in part because 4Kids performed in accordance with the Contract and at all times acted in good faith.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

61. FOX's claims are barred in whole or in part because FOX is in breach of the Contract.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

62. FOX's claims are barred in whole or in part because FOX's actions triggered the exercise of 4Kids's contractual rights of which FOX now complains.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

63. FOX is estopped and barred from the recovery of any damages which FOX may have sustained, which 4Kids continues to deny.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

64. FOX has waived any and all claims for relief.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

65. FOX's claims are barred in whole or in part by the applicable statute of limitation or repose, and/or by the doctrine of laches.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

66. FOX's claims are barred in whole or in part by the doctrine of accord and satisfaction.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

67. FOX's claims are barred in whole or in part by its own unclean hands.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

68. FOX's claims are barred in whole or in part by its failure to mitigate damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

69. FOX's claims are barred in whole or in part by its ratification of 4Kids' conduct pursuant to the terms of the Contract.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

70. FOX's claims are barred in whole or in part by the statute of frauds.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

71. FOX's claims are barred in whole or in part by reason of its own fraudulent conduct.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

72. 4Kids reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and factual developments in this case.

**WHEREFORE**, plaintiff demands judgment as follows:

A. Dismissing FOX's Counterclaims in their entirety, with prejudice, and entering final judgment for 4Kids;

      B.      Denying FOX's request for a declaratory judgment, money judgment, fees, costs, expenses, and any other relief against 4Kids; and

      C.      Denying FOX's request for any further relief.

Dated:   July 17, 2008
           New York, New York

**KAYE SCHOLER LLP**

By:  /s/ Fredric W. Yerman
      Fredric W. Yerman
      Michael A. Lynn
      Alexandra Harris

425 Park Avenue
New York, NY  10022
(212) 836-8000
*Attorneys for Plaintiff*
*4Kids Entertainment, Inc.*